IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WINTON, pro se,
      v.
CO ADAMS, CO CHAD DUNLAP, CO BROWN
LT. JOHN DOE, DEPUTY WARDEN
WAGNER, individually and in their
official capacities

No. 20-1479

FILED
SCRANTON
AUG 19 2020
PER _____
DEPUTY CLERK

JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

## COMPLAINT

1. Plaintiff Robert Winton, pro se, files this Civil Action under 42 U.S.C. Section 1983 to remedy the deprivation under Color of State Law, of Rights Guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has Jurisdiction over this Action pursuant to 28 U.S.C. Sections 1331 and 1343.

2. This Cause of action arose in the Middle District of Pennsylvania, making venue proper under 28 U.S.C. Section 1391(b).

## II. PARTIES

3. Plaintiff is Robert Winton, pro se, currently confined at SCI-Houtzdale, 209 Institution Drive, PO Box 1000, Houtzdale, PA 16698-1000. At all times mentioned herein, he was a pre-trial detainee at Snyder County Prison, 600 Old Colony Road, Selingsgrove, PA 17870.

4. Defendants CO Adams, CO Chad Dunlap, and CO Brown, ("Adams," "Dunlap," and "Brown", respectively) are Corrections Officers at Snyder County Prison.

5. Lt. John Doe is a Commissioned Officer, ("Doe"), at Snyder County Prison. He supervises Adams, Brown and Dunlap.

6. Deputy Warden Wagner is the Deputy Warden of Snyder County Prison.

7. Each Defendant is sued individually and officially.

## III. PREVIOUS LAWSUITS BY PLAINTIFF

8. Plaintiff has not filed any lawsuit relating to the facts set forth herein.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Exhaustion is an affirmative defense which must be plead + proven Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007).

1

V. FACTS

10. On or about October 19, 2018, at about 10-11 PM, Plaintiff ("Winton"), had a seizure due to his Epilepsy. He was taken to "Intake" at this time for observation.

11. On or about October 20, 2018, at about 8 AM, Winton was given a ham sandwich by Adams. He said he spit in it. Winton did not eat the sandwich.

12. Dunlap placed handcuffs on Winton that were very tight immediately after Winton was "finished" with his sandwich, they said.

13. Doe took Winton to the "hole" - C-Block Cell #1 with Adams, Dunlap, Brown and Wagner. A camera was initially used. The Defendants made sure noone else - inmate or staff - was in the hole at this time.

14. Doe and Wagner both said the camera was "off" so if [Winton] "try to do anything, there is no proof."

15. Adams then shoved Winton into the Cell #1 and smashed his face against the bunk so he couldn't talk. Adams used his knee on Winton's back and his elbow and arm on Winton's head so he couldn't move at all.

16. Brown just watched and did nothing. Doe shut off the camera. Wagner also just watched.

17. Dunlap controlled the handcuffs. He punched Winton twice in the mouth while he was handcuffed. He also hit him in the rib cage on the left side, with a flashlight, once. The punches were hard enough that Winton bled from the mouth.

18. Winton was cuffed so tight that it left bruises on his wrists.

19. Winton told Adams to stop about 5 times. Adams said he would "do it harder" if he "opened his mouth".

20. They then left Winton handcuffed and bloody in the cell.

21. At about 12 PM, they took Winton back up to Intake where he was taken to a County Jail in Lewistown, PA.

2

## VI LEGAL CLAIMS

22. Plaintiff realleges Paragraphs 1-21, supra.

23. The assault by Defendants Dunlap and Adams, constitutes a violation of Plaintiff's Due Process under 14th Amd. U.S.Const and cruel and unusual punishment under the 8th Amd. U.S.Const.

24. The actions of Doe and Wagner constitutes a violation of Plaintiff's Due Process Rights 14th Amd U.S. Const. and failure to protect under 8th Amd. U.S. Const, promulgated by Farmer v. Brennan.

25. Plaintiff is without redress unless the Court grants the relief requested, infra.

## VII PRAYER FOR RELIEF

WHEREFORE your Plaintiff respectfully requests this honorable Court enter judgment granting:

26. Compensatory Damages in the Amount of $250,000 against each Defendant, jointly and severally

27. Punitive Damages in the Amount of $100,000 against each Defendant, jointly and severally

28. Declaratory Judgment

29. Jury Trial on all issues triable by jury

30. Any additional relief this Court deems just, equitable and proper and

31. Plaintiff's Costs for Litigating.

I, Robert Winton verify this Complaint under penalty of perjury

Dated 8/15/2020

Respectfully Submitted,

Winton
Robert Winton
NP 5906
SCI- Houtzdale
PO Box 1000
Houtzdale, PA 16698-1000

FILED
SCRANTON
AUG 19 2020
PER _____ DEPUTY CLERK

3

Robert Linton
NP5906
PO Box 1000
Houtzdale, PA 16698
August 15, 2020

Clerks Office
US District Courthouse
PO Box 1148
Scranton, PA 18501

Dear Clerk:

Please find enclosed a Civil Action to file in record.

Please send me any additional paperwork required to be filed.

Enclosed is 3 page Complaint, District Judge option, And IFP papers.

If you have any questions or concerns, contact me.

Thank you for your consideration.

Sincerely
/S/ Robert Linton
Robert Linton

Smart Communications/PADOC
SCI-Houtzdale
Name Zachary Spada
Number NX-7842
PO Box 33028
St Petersburg FL 33733

INMATE MAIL
PA DEPT
OF CORRECTIONS

neopost
08/17/2020
US POSTAGE $000.65
FIRST-CLASS MAIL
ZIP 16698
041L12204894

RECEIVED
SCRANTON
AUG 19 2020
[signature]
DEPUTY CLERK

Clerk's office
US District Courthouse
Po Box 1148
Scranton, PA 18501

18501$114B BD99