## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WINTON,                          :        Civil No. 3:20-cv-1479
                                        :
            Plaintiff                   :        (Judge Mariani)
                                        :
    v.                                  :        **FILED**
                                        :        **SCRANTON**
C.O. ADAMS, DEPUTY WARDEN               :
WAGNER, C.O. BROWN, C.O. DUNLAP, :               FEB 2 3 2022
C.O. RISSLE,                            :
                                        :        Per_____
            Defendants                  :              DEPUTY CLERK

### ORDER

**AND NOW**, this 23rd day of February, 2022, upon consideration of Plaintiff's

proposed third amended complaint (Doc. 67-1), wherein he names, *inter alia*, the Snyder

County Prison as a Defendant in this action, and it appearing that this Defendant is not a

proper party in a federal civil rights action[1], and the Court noting that leave to amend should

be liberally given "when justice so requires", FED. R. CIV. P. 15(a)(2), and since, as a matter

of law, an amended complaint takes the place of any prior complaint, effectively invalidating

the prior complaint, *see Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("in general,

an amended pleading . . . supersedes the earlier pleading and renders the original pleading

a nullity"), and any motion to dismiss challenging the prior complaint is now moot, *see* 6

---

[1]     Section 1983 creates a cause of action against every "person" who under color of state law
deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. It is
well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983. *See Fischer
v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). As such, the Snyder County Prison will be dismissed as a
Defendant in this action.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading"), **IT IS HEREBY ORDERED THAT**:

1.  The motion (Doc. 67) for leave to file a third amended complaint is **GRANTED**.

2.  The proposed third amended complaint (Doc. 67-1) is accepted as filed and this matter shall proceed on the third amended complaint.

3.  The Snyder County Prison, Snyder County, and Lieutenant John Doe are **DISMISSED** from this action.  The Clerk of Court is directed to **TERMINATE** the Snyder County Prison, Snyder County, and Lieutenant John Doe as parties to this action.

4.  In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is directed to **SERVE** a copy of the third amended complaint (Doc. 67-1), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399), and this Order on Defendants Deputy Warden Wagner and C.O. Dunlap.  In the interests of efficient administrative judicial economy, the Court requests that Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

5.  If service is unable to be completed due to Plaintiff's failure to properly name the Defendants, or provide an accurate mailing address for the Defendants, Plaintiff will be required to correct this deficiency.  Failure to comply may result in the dismissal of Plaintiff's claims against the Defendants pursuant to Federal Rule of Civil Procedure 4(m).

6.  Defendants shall **FILE** an answer to the third amended complaint (Doc. 67-1), or appropriate pretrial motion, in the manner set forth in the Federal Rules of Civil Procedure.

7.   The pending motions (Docs. 45, 54) to dismiss the second amended complaint are **DISMISSED** as moot.

Robert D. Mariani
United States District Judge